July Term,
1820.

PENNINGTON
v.
THE GOVER-
NOR.

## PENNINGTON and Others *v.* The GOVERNOR.

To a bill in Equity praying a decree for the payment of a lost bond, an affida-
vit of the loss must be annexed.

*Thursday,*
*August 3.*

ERROR to the *Harrison* Circuit Court.—This was a suit in Equity for the payment of a lost bond. No affidavit of the loss of the bond was annexed to the bill.—Payment was decreed by the Circuit Court.

SCOTT, J.—In case of lost bonds, Courts of Equity have made a distinction between bills brought for a discovery only, and those in which there is a prayer for relief beyond the discovery; as in this case, for the payment of money. Although the Courts do not refuse the relief prayed for in either case; yet where the bill is for the amount specified in the bond alleged to be lost, they will prescribe certain conditions, on which the relief will be administered (1). The established rule in such cases is, that an affidavit of the loss must be annexed to the bill; and this has been considered indispensable. 1 Madd. Ch. 26, 27. We think the want of an affidavit in this case a fatal defect, for which the proceedings must be set aside.

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The decree is reversed, and the bill dismissed.

*Nelson,* for the plaintiffs.

(1) The idea once prevailed, that no recovery *at law* could be had on a lost bond, *profert* and *oyer* being indispensable: hence, the Chancellor's juris-diction. *Read* v. *Brookman,* 3 T. R. 151, dispenses with *profert* in such cases, and permits a recovery at law; but Courts of Equity still retain jurisdiction. —*Profert* and *oyer* having never been required in actions at law on lost notes, proving the contents being sufficient, and nothing standing in the plaintiff's way, no relief in these cases is given in Equity. 1 Madd. Ch. 25, 26.