*May Term, 1850.*

STAFFORD
v.
BARTHOLO-
MEW.

---

## STAFFORD v. BARTHOLOMEW and Others.

A contract to devise land cannot be specifically enforced; nor can a parol contract for the sale of land where possession has not been given.

Bill in chancery by the complainant against the remaining heirs of his father, seeking to obtain a title to land. The bill alleged that the complainant had advanced to his father 100 dollars, in consideration of which his father agreed to devise said land to him; that the father did make a will devising said land according to agreement, but that the same was lost. There was no affidavit of the loss of the will. Bill dismissed on demurrer. *Held*, that there was no error in this.

ERROR to the *Hamilton* Circuit Court.

PERKINS, J.—This was a bill in chancery by *James Stafford* against the remaining heirs of his father, *Thomas Stafford*, seeking to obtain the title to 80 acres of land. The bill alleged that the plaintiff had advanced to his father, in his lifetime, 100 dollars, in consideration of which he, the father, had agreed to devise said 80 acres of land to the plaintiff. It alleged that his father did make a will devising said land according to the agreement, but that the same was lost. The land was worth 400 dollars. The bill prayed for the appointment of a commissioner to convey the land to the plaintiff, on one, or both, of these grounds, viz.: on the ground of the agreement to devise it, and the payment of the 100 dollars; or on the ground that a will was actually made and lost, which did devise it to the plaintiff; or, as we have said, on both these grounds. The bill was dismissed on demurrer.

This bill could not be sustained on the ground of the contract to devise. That was not an agreement that could

*Wednesday, July 10.*

be specifically enforced; nor could it be enforced as a contract of sale, at least, in this case, as no possession was ever taken by the plaintiff.

On the other ground, that a will had been made and lost, the bill was bad on demurrer, for the want of an affidavit of the loss. *Pennington* v. *The Governor*, 1 Blackf. 78.—*Findlay et al.* v. *Hinds and Wife*, 2 How. U. S. 241. The bill in the case before us went for relief as well as discovery.

As the plaintiff refused to amend on the sustaining of the demurrer, the bill was rightly dismissed.

*Per Curiam.*—The judgment is affirmed with costs, &c.

*W. Quarles*, for the plaintiff.

*L. Barbour*, for the defendants.