CARLISLE and Another *v.* RAMSEY.

</div>

Bill to enjoin the sale of land on execution on the ground that the judg-
    ment-debtor, before the rendition of the judgment, had conveyed the
    land to the complainant, whose deed had never been recorded and had
    been casually lost.   There was no affidavit of the loss of the deed.   *Held*,
    that a decree for the complainant was, therefore, erroneous.

Monday,          ERROR to the *Hancock* Circuit Court.
June 6.          DAVISON, J.—Bill in chancery by the defendant in error
            against the plaintiffs in error.
                 The bill alleges that *Barnet Ramsey*, on the 20th
            of *April*, 1840, purchased of *Rawley J.* and *James C. Ram-
            sey*, four lots in *Charlottesville*, *Hancock* county, and
            received from them for said lots a deed in fee; that he
            delivered said deed to one *Samuel Ramsey*, to be by him
            given to the recorder of said county for record; but it
            was casually lost, and never has been recorded.   The de-
            fendant, after having become satisfied that it was lost,
            applied to the said *Rawley J.* and *James C.*, who made
            him a second deed for the same lots.   The second deed
            was executed on the 14th of *May*, 1842, and was duly re-
            corded.   Subsequently to the making of the first deed, and
            before the execution of the second, *Carlisle* and *Stedman*
            recovered in the *Hancock* Circuit Court a judgment against
            the said *James C. Ramsey* and one *Eli White* for 205 dol-
            lars.   Afterwards, in the year 1844, an execution was

issued on said judgment, and levied on all the interest of James C. Ramsey in said lots.

The bill prays that the fee of said lots be vested in the defendant in error by virtue of the first deed, and for an injunction, &c.

The cause was submitted to the Court on bill, answers and depositions, and a final decree given that the legal title to said lots was and is vested in said *Barnet Ramsey*, by virtue of the first deed.

The only objection raised to this decree is, that there was no affidavit of the loss of the prior deed annexed to the bill.

This objection is well taken. The rule seems to be that "in cases of supposed lost instruments, where relief is sought," "an affidavit of the loss of the instrument, and that it is not in the power of the plaintiff, is indispensable to sustain the bill." 1 Story's Eq. Ju. s. 88. If the deed lost concern the title to lands and possession thereof is prayed to be established, such affidavit must be annexed. 1 Story's Eq. Ju., s. 83.—*Walmsley* v. *Child*, 1 Vesey 344.—*Pennington* v. *The Governor*, 1 Blackf. 78.—*Hoddy* v. *Hoard*, 2 Ind. R. 474. This case is obviously within the rule laid down in the authorities just cited; and the decree must, therefore, be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. S. Newman*, for the plaintiffs.